UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KYAIRA JUMPER<br><br>                          Plaintiff,<br><br>                    v.<br><br>KASH "JTTF" PATEL<br><br>                          Defendant. | **MEMORANDUM AND ORDER**<br><br>25-CV-6645 (LDH) (JRC) |

LASHANN DEARCY HALL, United States District Judge:

Kyaira Jumper ("Plaintiff"), proceeding pro se, brings the instant action against Kash 'JTTF' Patel ("Defendant").[1]  Plaintiff's request to proceed in forma pauperis is granted.  That said, for the reasons discussed below, the Complaint is dismissed.

## BACKGROUND

The Complaint in this action is hard to decipher.  In the Complaint, Plaintiff states, "[n]otarize the stock market in my biblical name Jiewette Remi, no publice [sic] relation, inclusion in stock exchange marketing wages, take the dividends of the stating cost (401k), ownership of biological name and biblical name rights to Kyaira Jumper, Jiewette Remi." (Compl. at 5, ECF No. 1.).  Plaintiff also notes that this action relates to "100,000 of stock /

---

[1] The Court notes that this is the sixth complaint Plaintiff has filed in this court in recent months. *See Jumper v. 84th Precinct*, No. 25-CV-4399 (LDH) (JRC); *Jumper v. State of New Jersey*, No. 25-CV-4400 (LDH) (JRC); *Jumper v. Cephus*, No. 25-CV-4966 (LDH) (JRC); *Jumper v. 911 Dispatcher*, No. 25-CV-5285 (LDH) (JRC); *Jumper v. Edwards*, No. 25-CV-1770 (LDH) (JRC).

monthly CNBC claims." (*Id.*)  That said, Plaintiff fails to provide any other information with respect to her claims.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B).

## DISCUSSION

Upon review of the Complaint, liberally construed, the Court has been unable to determine what, if any, legal claim is presented in this action or the harm suffered by Plaintiff. Moreover, the Court finds there is no legal claim available to Plaintiff for the failure of the stock market to be "[n]otarize[d] . . . in [Plaintiff's] biblical name," and that any claim related to such

would be frivolous. *See Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) ("A claim is frivolous 'where it lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))); *Walker v. Real Life Church*, 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing pro se complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered). Accordingly, the Complaint lacks an arguable basis either in law or in fact, and it is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i); Notwithstanding Plaintiff's pro se status, the Court denies Plaintiff leave to amend as the Court finds that amendment would be futile in this case. *See Hakaniemi v. Zuckerberg*, 2021 WL 3566221, at *2 (E.D.N.Y. Aug. 12, 2021) (dismissing *pro se* plaintiff's complaint as frivolous, denying leave to amend where complaint was "devoid of any arguable basis in fact or in law, defects which cannot be cured by amendment") (collecting cases); *see also Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011) (affirming the denial of leave to amend).

## CONCLUSION

For the foregoing reasons, the Complaint is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

Plaintiff is warned that this Court will not tolerate frivolous litigation and "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted). The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff, noting the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York

May 5, 2026

/s/ LDH

LASHANN DEARCY HALL

United States District Judge